BEAUCHAMP & BYRD v. SCHIFF, REEVES & SCHWARTZ.

(No. 2388.)

APPEAL from Hunt County. Opinion by WILLSON, J.

L. W. TERHUNE, counsel for appellants.

MONTROSE & GRUBBS, counsel for appellees.

§ 170. *Certiorari; informal writ of, held sufficient; case stated.* Appellees recovered a judgment against appellants in justice's court. Appellants petitioned the county judge for a writ of *certiorari,* which petition was granted; the *certiorari* bond was executed and approved, and said papers filed with the clerk of the county court. Said clerk docketed the cause, and instead of issuing a writ of *certiorari* in the usual form, he issued a *subpœna duces tecum* commanding the justice of the peace to appear as a witness in the case, and bring with him and produce in

court the papers in said cause. The justice made out a proper transcript, and delivered the same, together with the original papers in said cause, to said clerk. Upon motion of appellees, the *certiorari* was dismissed upon the ground that no *writ of certiorari* had issued as required by law, and, therefore, the county court had not acquired jurisdiction of the cause. *Held*, the court erred in dismissing the *certiorari*. When the judge granted the *certiorari*, and appellants made the bond required, the jurisdiction of the county court over the cause attached. It was then the mere ministerial duty of the clerk of said court to issue the writ of *certiorari;* a duty which appellants could not control or supervise. It was not the issuance of the writ that conferred jurisdiction of the case upon the county court. The purpose of the writ is merely to bring the proceedings and papers in the cause from the justice's to the county court, that the cause may be tried *de novo* in the latter court. If this purpose be accomplished, as it was in this instance, it can make no difference by what form of process it was accomplished.

November 6, 1886.         Reversed and remanded.